Filed 2/2/16  P. v. Juarez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062145 |
| v. | (Super.Ct.Nos. RIF1300523 & RIF1301145) |
| RICARDO JUAREZ, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Irma Asberry, Judge.

Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Ricardo Juarez was sentenced to three years and eight months in prison for possessing child pornography and committing lewd acts on a child under age 14. Defendant challenges the $500 fine imposed under Penal Code section 294[1] as unauthorized. The People concede the point and this court agrees.

## FACTS AND PROCEDURE

In 2012, defendant was found in possession of video recordings of him having consensual sex with his younger sister a few years earlier. At the time the recordings were made, defendant was about 17 years old and his sister was about 13.

On May 1, 2014, a jury found defendant guilty of possessing child pornography (§ 311.11, subd. (a)), but deadlocked on two counts of committing a lewd act on a child under age 14 (§ 288, subd. (a)).

On July 18, 2014, a second jury found defendant guilty of the two lewd act counts and found true an allegation that defendant engaged in substantial sexual conduct with the victim in both counts (§ 1203.066, subd. (a)(8)).

On September 19, 2014, the trial court sentenced defendant to three years and eight months in prison and imposed various fines, including "a restitution fine in the amount of $500 to the Restitution Fund for Children's Trust."

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

Section 294, subdivision (a), authorizes a trial court to impose upon a defendant convicted of violating sections "273a, 273d, 288.5, 311.2, 311.3, or 647.6" a "restitution fine based on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction . . . to be deposited in the Restitution Fund to be transferred to the county children's trust fund for the purposes of child abuse prevention." Subdivision (b) authorizes the imposition of this fine on defendants convicted of violating sections "261, 264.1, 285, 286, 288a, or 289" where the victim is under age 14 years.

As stated above, defendant was convicted of violating sections 311.11 and 288, neither of which is listed in section 294. Thus, the $500 fine was improper and must be stricken.

**DISPOSITION**

The judgment is modified by striking the section 294 restitution fine imposed by the trial court. As modified, the judgment is affirmed. The superior court clerk is directed to issue an amended abstract of judgment and shall provide a copy to the parties and to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

McKINSTER_____
J.

MILLER_____
J.